IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

RONNIE ROY BARQUIST,

        Plaintiff,

v.                                                                           No. CIV 11-0491 BB/ACT

THE CITY OF CLAYTON, and RAUL
GARCIA and SCOTT JULIAN, in their
individual capacities,

        Defendants.

## MEMORANDUM OPINION
## SUPPORTING DISMISSAL

**THIS MATTER** is before the Court on Defendants' *Motion to Dismiss* [doc. 11]. Although Plaintiff failed to respond, the Court's research indicates Defendants' motion must be Granted without prejudice to refile.

### *Discussion*

Defendants filed their *Motion to Dismiss* on July 22, 2011. Plaintiff failed to respond and under D.N.M. LR-Civ. 7.1(b), the failure to serve a response "constitutes consent that briefing on the motion is complete." Under Tenth Circuit precedent, however, the Court must analyze the validity of the arguments before a Rule 12 motion can be granted. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

**I.     *Legal Standard***

When a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), the district court "test[s] the sufficiency of the allegations within the four corners of the complaint after taking those allegation as true." *Issa*, 354 F.3d at 1178. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, as Plaintiff is pro se, his pleadings must be liberally construed. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007).

**II.    *Facts***

Taking the "facts" in the Complaint as true, a search of Plaintiff's "rental/storage" and personal belongings by Officers Raul Garcia and Scott Julian on January 16, 2011, is the genesis of this Complaint. According to the Complaint, Defendant Officers claimed that there was a meth lab, and searched through one box of about one hundred such boxes. That box contained personal private pictures and videos of Plaintiff's naked wife. Plaintiff's Complaint also includes allegations that the officers seized the photos, subsequently showed them "all around town," then arrested Plaintiff two months later for "meth lab charges," for which Plaintiff was incarcerated. Read liberally, Plaintiff raises three "charges" against Defendants: the first is for illegal search and seizure, the second is for invasion of privacy, and the third is for abuse of authority.

**III.   *Search and Seizure***

The gravamen of Plaintiff's Fourth Amendment claim is that his expectation of privacy has been violated.  *See, e.g., Katz v. United States*, 389 U.S. 347, 350 (1967).  In order to prevail, the plaintiff needs to prove that the search or seizure was illegal and that it violated his reasonable expectation of privacy in the item or place at issue. *United States v. Flowers*, 336 F.3d 1222, 1227-28 (10th Cir. 2003).  Plaintiff does not allege it was illegal but does claim the police "entered a rental/storage claiming there was a meth lab.  They only went through one one [sic] box of about 100.  The one box contained personal private pictures and video of my wife naked.  They scattered the contents and showed them all around town" Compl. p. 2.  If the police were looking for a "meth lab" as alleged, seizure of personal photos would exceed the permissible scope of the search.  *Bowling v. Rector*, 584 F.3d 956, 971 (10th Cir. 2009); *cf. United States v. Robertson*, 21 F.3d 1030, 1035 (10th Cir. 1994) (gang photos not related to warrant for carjacking or instrumentalities thereof).  Although the Complaint also does not expressly say the police seized the video and pictures, that must be inferred if they "showed them all around town."

At this stage, then, and construing the pro se Complaint most favorably for Plaintiff, the Rule 12 motion cannot be granted on this claim.

**IV.   *Invasion of Privacy***

Defendants correctly point out that case law has made clear that "the Fourth Amendment cannot be translated into a general constitutional 'right to privacy.'" *Katz*

*v. United States*, 389 U.S. at 350. It is, however, now well recognized that the Due Process clause of the Fourteenth Amendment recognizes a right of privacy. *James v. City of Douglas, Ga.*, 941 F.2d 1539, 1544 (11th Cir. 1991); *York v. Story*, 324 F.2d 450, 455 (9th Cir. 1963). Indeed, the Tenth Circuit, like the Eleventh and Ninth Circuits, has recognized distribution of a person's naked or sexual photos would violate this constitutional protection. *Slayton v. Willingham*, 726 F.2d 631, 635 (10th Cir. 1984).

The only remaining question is whether Plaintiff has standing. While it appears he asserts some ownership in the pictures of his naked wife, is it his privacy the Constitution would protect in this situation? The only law immediately available to the Court suggests there is serious legal doubt on that assertion. *State v. Vezzoni*, 127 Wash. App. 1012 (Wash. App. 2005); *see also Wilson v. Garcia*, 471 U.S. 261, 277 (1985) (explicitly identifying § 1983 as a personal-injury tort and stating that "[a] violation of [§] 1983 is an injury to the individual rights of the person"). The Court will therefore dismiss this claim without prejudice to Plaintiff's right to renew it if law is advanced to justify it.

V.      *Abuse of Authority*

There is no recognized claim for "abuse of authority" under 42 U.S.C. § 1983; rather, an alleged abuse of authority is only considered where it resulted in harm to a recognized protected right. *See Corbitt v. Andersen*, 778 F.2d 1471, 1477 (10th Cir. 1985) ("Section 1983 does not grant a remedy for abuse of authority *unless that abuse resulted in harm to a protected right.*"). Therefore, an abuse of authority allegation is

only considered in relation to another civil rights claim, such as excessive force or false arrest. *Williams v. Berney*, 519 F.3d 1216, 1224 (10th Cir. 2008). No such claim is made in the Complaint.

**VI.**     *Claims Against City of Clayton*

Municipalities cannot be held liable for the alleged constitutional violations committed by their employees unless it is the execution of a policy or custom that inflicts the injury. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff's Complaint must therefore include an allegation that an execution of the City of Clayton's specific policy or custom inflicted Plaintiff's alleged injuries. It does not. Therefore the Complaint must also be dismissed against the City of Clayton.

*Conclusion*

For the above stated reasons, Defendants' *Motion to Dismiss* must be granted and this Complaint dismissed without prejudice.

_____
**BRUCE D. BLACK**
**Chief Judge**